**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| RON WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:19-cv-00154<br>Judge William L. Campbell, Jr. |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant, Equifax Information Services LLC ("EIS"), incorrectly named in the Complaint as "Equifax," hereby files its Memorandum of Law in support of its Motion to Dismiss the Complaint filed by Plaintiff Ron Washington ("Plaintiff") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff filed a *pro se* action in Montgomery County General Sessions Court on January 9, 2019, which EIS removed to this Court on February 15, 2019. (Doc. 1.) In his Complaint, Plaintiff alleges two claims: (1) a violation of the Fair Credit Reporting Act 611(a)(7) and (2) a violation of the 609 Fair Credit Reporting Act." (Doc. 1-1 at 1.) Plaintiff appended to his Complaint some exhibits which further detail his claims.

Plaintiff's first claim fails as a matter of law. While unclear, it appears that Plaintiff allges that "in the absence of [] documentation," a Chapter 13 bankruptcy should not have appeared on his credit report after he disputed it to EIS. (*Id*. at 6.) That is, he claims that EIS was required to obtain, and provide to him, "documents [] bearing [his] signature, showing that [he] . . . filed a chapter 13 bankruptcy," in order to maintain the bankruptcy on his credit file. (*Id*. at 8).

He does not, however, actually disclaim ownership of the bankruptcy, *nor does he specifically identify any particular inaccuracy* regarding the bankruptcy that appeared on his EIS credit report.

Plaintiff's exhibits suggest that, after he disputed the bankruptcy to EIS, he requested a copy of the procedures that EIS used to reinvestigate the bankruptcy. It is not clear whether Plaintiff claims he did not receive a copy of the procedures after his request or whether his claim is that he was dissatisfied with information he did receive. However, it is clear that he is making a claim for violation of section 611(a)(7) of the FCRA, 15 U.S.C. § 1681i(a)(7) ("Description of reinvestigation procedure"), which requires that a consumer reporting agency such as EIS to provide to consumers a copy of the procedures used to reinvestigate disputed information. As set forth below, Plaintiff's Complaint fails to state a claim upon which relief can be granted as to FCRA § 1681i(a)(7).

Plaintiff's second claim likewise fails as a matter of law. Plaintiff's exhibits suggest that his Complaint relates a second item appearing on his EIS credit report, to wit: an unpaid collection account with Monterey Collections. He complains that his EIS credit report did not "report[] the entire account number." (*Id*. at 13.) Specifically, he complains about the omission of the initial numerical digits of the account number from the Monterey Collections tradeline as it appears on his EIS credit report. However, as with the bankruptcy, Plaintiff does not claim that the collection does not pertain to him, nor does he claim that it was listed with an incorrect balance, account status, or date of delinquency,

Plaintiff appears to make a claim under section 609 of the FCRA, 15 U.S.C. § 1681g ("Disclosures to Consumers"), which requires consumer reporting agencies such as EIS to provide, upon request, a disclosure of all the information in a consumer's credit file at the time of

the request. Plaintiff's claim appears to be that "by not reporting the entire account number" (Doc. 1-1 at 13) in the copy of the credit report EIS sent to him, he did not receive a full disclosure of the contents of his credit file. As set forth below, this claim also fails to state a claim upon which relief can be granted.

**STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id*. The court must take the plaintiff's well-pled factual allegations as true; however, Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, at 1949 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949.

Although detailed factual allegations are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

**ARGUMENT**

**I. PLAINTIFF'S § 1681i(a)(7) CLAIM FAILS BECAUSE HE DOES NOT ALLEGE AN INACCURACY**

Plaintiff purports to bring a claim under § 611(a)(7) of the FCRA, 15 U.S.C. § 1681i(a)(7) ("Description of reinvestigation procedure"), but, tellingly, he does not bring a claim under § 611(a)(1) of the Act, 15 U.S.C. § 1681i(a)(1) ("Reinvestigations of Disputed Information.") Nor does he specifically identify any particular inaccuracy regarding the bankruptcy that appeared on his EIS credit report. Rather, he merely expresses his belief that "in the absence of [] documentation," the bankruptcy should not have appeared on his credit report after he disputed it to EIS. (Doc. 1-1 at 6.) That is, he claims that EIS was required to obtain, and provide to him, "documents [] bearing [his] signature, showing that [he] . . . filed a chapter 13 bankruptcy," in order to maintain the bankruptcy on his credit file. (*Id*. at 8).

However, an inaccuracy is an essential element of any claim under § 1681i(a)(7) of the FCRA. "Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts . . . have imposed such a requirement." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67(1st Cir.2008) (collecting cases)). The Sixth Circuit Court of Appeals, in the unpublished but influential opinion in *Dickens v. Trans Union*, 18 Fed. App'x 315 (6th Cir. 2001) has likewise opined that while "it is unclear whether a showing of inaccuracy is required for § 1681i liability . . . . damages would be almost impossible to prove without it." *Id*. at 318-319 (quoting *Salei v. American Exp. Travel Related Services Co., Inc*., 134 F.3d 372 (6th Cir. 1997) (Table)).

Indeed, every court decision that EIS could locate considering the issue of § 1681i(a)(7)'s requirements rejected the claim that a consumer reporting agency could be held liable for failure to provide a description of the procedures used to verify information *in the absence of a claim of inaccuracy*. *See, e.g*., *Carvalho v. Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1100 (N.D.

Cal. 2008), *aff'd* 629 F.3d 876 (9th Cir. 2010) ("Indeed, the only court to have addressed substantively either the federal or California requirements with respect to descriptions of reinvestigation procedures held that where the disputed entry was accurate, a description of the reporting agencies' reinvestigation procedures, no matter how thorough or detailed, would not have served any purpose. . . . In the instant case, as in *Jianqing Wu*, the disputed item . . . was accurate, and to entertain that claim would be as inconsistent with the statutes' purposes as it would be futile."); *Jianqing Wu v. Trans Union*, 2006 WL 4729755, at *11 (D. Md. May 2, 2006).[1]

Accordingly, Plaintiff's Complaint fails to state a claim under § 1681i(a)(7) of the FCRA upon which relief could be granted because it does not *plead an inaccuracy* with respect to EIS's reporting of the bankruptcy on Plaintiff's credit file.

## II. DISCLOSURE OF A PARTIAL ACCOUNT NUMBER DOES NOT VIOLATE § 1681g OF THE ACT

Plaintiff claims a violation of section 609 of the FCRA, 15 U.S.C. § 1681g ("Disclosures to consumers"). That section states that,

> Every consumer reporting agency shall, upon request, and subject to 610(a)(1) [§ 1681h], clearly and accurately disclose to the consumer:
>
> (1) All information in the consumer's file at the time of the request except that –

[1] *See also, e.g.*, *Thomas v. Hyundai Capital America*, 2018 WL 4899074, at *5 (D. Colo. Oct. 9, 2018) ("Because Plaintiff has not sufficiently alleged that the Equifax Defendants' report contained inaccurate information, he has also failed to adequately allege a necessary element for the § 1681i(a)(7) claim requiring a description of the procedure used."); *Jae v. ChexSystems*, Inc., 2018 WL 3368871, at *5 (N.D. Ohio July 10, 2018) (dismissing, *inter alia*, § 1681i(a)(7) claim where plaintiff's complaint was "devoid of any allegation to support a conclusion that any particular third-party inquiry or address listed in plaintiff's consumer report was inaccurate"); *Alston v. Equifax Info. Servs*., 2016 WL 5231708, at *6-9 (D. Md. Sept. 21, 2016) (dismissing, *inter alia*, § 1681i(a)(7) claim with respect to disputed Wells Fargo account where "because Wells Fargo's information was accurate, Equifax's reporting of the information it received from Wells Fargo was also accurate").

(A) if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure; and

(B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

15 U.S.C. § 1681g.

Plaintiff complains about the omission of the initial numerical digits of the account number from the Monterey Collections tradeline as it appears on his EIS credit report. Plaintiff claims appear to be that "by not reporting the entire account number" (Doc. 1-1 at 13) for a Monterey Collections account in the copy of the credit report EIS sent to him, he did not receive a full disclosure of the contents of his credit file. Plaintiff is wrong.

Plaintiff alludes to a non-binding staff opinion letter from the Federal Trade Commission ("FTC"), the regulatory body formerly charged with enforcement of the FCRA. In the letter, FTC staff opined that "a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609." Advisory Opinion to Darcy 06-30-00, *available at* https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-darcy-06-30-00. However, the one case that EIS was able to locate roundly rejected the opinion reflected in the non-binding staff letter. In *Whitaker v. Trans Union Corp*., 2005 WL 8160827 (D. Kans. 2005), the court rejected the plaintiffs' contention that the defendant had violated § 1681g "because account numbers on their credit files were scrambled or truncated." *Id*. at *19. First, the court noted that the data furnisher in that case had "scrambled Plaintiffs' account number when it reported the account to [defendant]" and, therefore, it was not a case where the defendant

"scrambled an account number on its own initiative and then failed to disclose the true account number upon a consumer's request." *Id*. at *20. Second, "the court determine[d] that, as a matter of law, scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information from potential identity theft." *Id*.

At the pleading stage, it is not clear whether Monterey Collections reported a truncated account number to EIS in the first instance or whether EIS truncated the account number appearing in the credit file disclosure sent to Plaintiff. But under either scenario, following *Whitaker*, Plaintiff fails to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated herein, EIS respectfully requests that the Court grant its motion, dismiss EIS from this case, and grant all other relief as the Court deems appropriate.

Respectfully submitted this 22nd day of February 2019.

EQUIFAX INFORMATION SERVICES LLC

*/s/Katy C. Laster*
Katy C. Laster (#026260)
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Tel: 901-525-6781
Fax: 901-374-7548
Email: klaster@evanspetree.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and a true and correct copy was sent via U.S. Mail to:

Ron Washington
1492 Mutual Dr.
Clarksville, TN 37042

By: */s/Katy C. Laster*
Katy C. Laster