IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RON WASHINGTON<br>    Plaintiff | ) <br> ) <br> ) | |
| v/s | ) | NO-3:19-cv-00154 |
| | ) <br> ) | MOTION IN OPPOSITION |
| EQUIFAX<br>    Defendant | ) <br> ) | |

**PLAINTIFF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff argues that his claim is sufficiently stated in the complaint. Plaintiff attached documents to the complaint proving that he stated his claim, through the attached letters to the defendant with the complaint the plaintiff does show (1) that the defendant had a duty to care about/for his credit reporting (2) that the defendant breach that duty of care by intentionally, willfully not responding to the plaintiff request with 15 days, which is in violation of FCRA 611(a)(7), also through the letter attached to the complaint the plaintiff shows that the defendant again breach that duty by not correcting the inaccurate and incomplete information on the plaintiff credit report after the defendant was aware of the inaccuracy which is in violation of FCRA 611(5)(a)(i), (3) due to these violations from the defendant the plaintiff has suffered injuries that affected his negative credit score which affected his quality of life. Please find all letters attached that was submitted to the defendant with the complaint.

Plaintiff argues that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set facts in support of his claim ***Conley v. Gibson 355 U.S. 41,45-6(1957)*** Plaintiff argues it appears beyond doubt that he can prove facts that support his claim per FCRA 611(a)(7) and FCRA 611(5)(a)(i). Plaintiff also argues that defendant can not introduce failure to state a claim in support of a motion to dismiss or to resist the plaintiff complaint Rule 12(b)(6)

Plaintiff argues that the defendant stated that they were "incorrectly identified" in the complaint as "Equifax". Please find attached three different dispute responses that was sent from the

defendant "Equifax" to the plaintiff on Dec 6, 2018, Dec 20, 2018 and Jan 31, 2019 which has the defendant company's identity as Equifax not Equifax Information Services, LLC. Which identifies the defendant as "Equifax". Furthermore please see attached certified return receipts that was sent to the defendant "Equifax" prior to the complaint being filed which were properly delivered and signed for and "wasn't" returned because of incorrect company name or identity.

Also please find attached the Tennessee Secretary of State Business Entity Report which shows the defendant name as "Equifax" not Equifax Information Services LLC with the registered agent as the Prentice Hall Corporation System, Inc. Which is where the plaintiff sent the complaint, please see attached certified return receipt showing that the complaint was sent to the above mention registered agent which matches the company name "Equifax" and shows that the defendant was properly served.

Please find attached another Tennessee Secretary of State Business Entity Report showing the company name " Equifax Information Service LLC" has a registered agent as Corporation Service Company whom the plaintiff did not send the complaint to. Therefore the plaintiff has shown the court that the defendant was properly and correctly identified on the complaint.

Plaintiff further argues that he did state a claim upon which relief can be granted by providing the letters with the complaint, also by stating and showing that the defendant did not properly comply with FCRA 611(a)(7) which states procedures during reinvestigations that Equifax had the responsibility to provide the plaintiff with requested information no later than 15 days which they failed to comply which is a violation of FCRA 611(a)(7)

The plaintiff also counters the defendant statement when the defendants states that the plaintiff does not point out any inaccuracy on his credit report. The plaintiff points out on the attached letter that the reporting on his credit report is inaccurate because the defendant was reporting that the furnisher of the bankruptcy reporting to the credit report came from the court, which the plaintiff submitted a letter from the court stating that they do not submit bankruptcy information to the credit bureaus ( see attached letter from court), plaintiff also informed the defendant that he doesn't consent to e-Oscar or any means of automation verification, which the defendant states clearly on the attached document that the information on the bankruptcy is from a third party, which this is clearly and inaccuracy on the plaintiff credit report which the plaintiff informed the defendant ( see attached letters).

The plaintiff also points out another inaccuracy on his credit report that he brings to the defendants attention prior to the complaint, see attached letter showing that the defendant has the wrong account number with Monterey Collection reporting on the plaintiff credit report after the plaintiff notify the defendant of the incorrect account number, which in according to FCRA 611(5)(a)- which states during reinvestigation any information found to be incomplete or inaccurate shall be promptly deleted which the defendant did not which they violated the above mentioned policy.

Defendant states plaintiff claim failed because including a "truncated" account number in a credit file does not violate FCRA, plaintiff argues that the violation is made by the defendant after reinvestigation of a dispute by the defendant the item found to be inaccurate or incomplete must be deleted or modified which the defendant didnt deleted or modify the inaccurate account number which brings the violation by the defendant FCRA 611(5)(a)(i). Also the defendant is in violation because they didnt provide requested information from the plaintiff with 15 day which is violation of FCRA 611(a)(7)

Plaintiff argues defendant statement that the plaintiff claim failed because the plaintiff didnt allege an inaccuracy, plaintiff points to attached letters dated 19 Dec 2018, Nov 16, 2018, 9 Jan 2019, in which the plaintiff contacted the defendant about the inaccuracy on his credit report and they willfully and intentionally ignored his request.

## CONCLUSION

For the reasons stated above the defendant conducted violation of the law willfully, knowingly and intentionally. The defendant had a duty to accurately care for the plaintiff credit reporting, which the defendant breached that duty by not providing accurate information on the plaintiff credit report also by not responding the the plaintiff requested information within 15 days. The plaintiff shows that the Tennessee Secretary of State show that the correct name for the defendant is Equifax. Plaintiff would like to ask the court to not dismiss the above case rather then dismiss the entire case allow the plaintiff the right to amend the complaint on a technical aspect.

*Ron Washington 6 mar 2019  RW*

Plaintiff asks the court to deny the defendant motion to dismiss entirely and grant the plaintiff a Motion for Summary Judgment on Violation of FCRA 611(a)(7) and FCRA 611(5)(a)(i)

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March 2019, I filed the above motion with the Clerk of Court in person and a true and correct copy was sent via U.S. Mail to:

Katy C. Laster
Evans Petree PC
1715 Aaron Brenner Dr, Suite 800
Memphis TN 38120

Ron Washington

(Signature)

Ron Washington
(Print Name)

1492 mutual Dr
Clarksville TN 37042
931 494 7888
(Address & Telephone Number, if any)