IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00154 |
| ) | Judge Campbell/Frensley |
| EQUIFAX, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

In this Fair Credit Reporting Act ("FCRA") matter, Ron Washington alleges that Equifax Information Services LLC ("Equifax")[1] violated the FCRA by listing a bankruptcy on his credit report and by including an inaccurate account number on his report. Docket No. 1-1. Mr. Washington initially filed his Complaint in Montgomery County General Sessions Court, and Equifax subsequently removed it to this Court. Docket Nos. 1, 1-2. The matter is now before the Court upon Equifax's Motion to Dismiss. Docket No. 4. Equifax has also filed a Supporting Memorandum. Docket No. 5. Mr. Washington has filed a Response in Opposition. Docket No.

---

[1] Mr. Washington and Equifax both devote substantial space in their briefs to the issue of Equifax's name. The Court accepts the truth of Equifax's continued assertions that it has been incorrectly named in the Complaint, and that its official name is Equifax Information Services LLC. Docket Nos. 4, 5, 8. As it is apparent that Equifax has been properly served, and Equifax does not argue that it, however named, is not the entity with which Mr. Washington has been dealing, it is unnecessary for Mr. Washington to file an amended complaint to correct the name, as he suggests. Docket No. 7, p. 3. The Court takes judicial notice of the fact that Equifax Information Services LLC is referred to by the public as "Equifax." Equifax also refers to itself as Equifax. *See* Docket No. 1-1, p. 11.

7. Equifax has filed a Reply. Docket No. 8. For the reasons set forth below, the undersigned recommends that Equifax's Motion to Dismiss be GRANTED IN PART and DENIED IN PART.

## II. LAW AND ANALYSIS

### A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, quoting *Twombly*, 550 U.S. at 557 (internal brackets omitted).

When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted),

and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

**B. <u>Mr. Washington's FCRA Claims</u>**

Rather than a traditional complaint, Mr. Washington has filed a series of letters and attached documents that comprise his correspondence with Equifax over the course of several

3

months. *See* Docket No. 1-1. These letters complain of "inaccurate entries" on his Equifax credit report. *Id.* at 3. Mr. Washington alleges that Equifax violated "the Fair Credit Reporting Act 611(a)(7) and section 609 of the Fair Credit Reporting Act" by listing certain entries on his report and failing to remove them at his request. *Id.* at 4.

**1. <u>The listing of a bankruptcy on Mr. Washington's credit report.</u>**

Mr. Washington's first claim involves the listing of a bankruptcy on his credit report. *Id.* at 3. He contends that "I requested that you validate the information on the public record bankruptcy, I asked you to provide me with copies of any documentation bearing my signature, I asked if your company could not provide such documents to delete this entry from my credit report . . . ." *Id.* He then references the FCRA 611(a)(7). *Id.*

Section 611(a)(7) of the FCRA states as follows:

> **(7)** Description of reinvestigation procedure. A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

15 U.S.C. § 1681i(a)(7) ("Procedure in case of disputed accuracy").

Paragraph (6)(B)(iii) sets forth the description that must be provided to a consumer upon request:

> (iii) a notice that, if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

15 U.S.C. § 1681i(a)(6)(B)(iii)

Equifax contends that Mr. Washington's Complaint fails to state a claim for which relief can be granted under 15 U.S.C. § 1681i(a)(7) because "it does not *plead an inaccuracy* with respect

4

to [Equifax's] reporting of the bankruptcy on [Mr. Washington's] credit file." Docket No. 5, p. 5 (emphasis in original). Mr. Washington responds that he did plead an inaccuracy. Docket No. 7, p. 2. Specifically, Mr. Washington argues:

> [Mr. Washington] points out on the attached letter that the reporting on his credit report is inaccurate because [Equifax] was reporting that the furnisher of the bankruptcy reporting to the credit report came from the court, which [Mr. Washington] submitted a letter from the court stating that they do not submit bankruptcy information to the credit bureaus (see attached letter from court), [Mr. Washington] also informed [Equifax] that he doesn't consent to e-Oscar or any means of automation verification, which [Equifax] states clearly on the attached document that the information on the bankruptcy is from a third party, which this is clearly and [*sic*] inaccuracy on [Mr. Washington's] credit report which [Mr. Washington] informed [Equifax] (see attached letters).

*Id.*

The attached "letter from the court" to which Mr. Washington refers appears to be a letter from the Office of the Clerk of the United States Bankruptcy Court for the Middle District of Tennessee, explaining to Mr. Washington that "[b]ankruptcy records are public records, and all information contained in them can be retrieved by anyone, including credit reporting agencies." Docket No. 1-1, p. 10. The letter states that it is in regard to:

> **RON S WASHINGTON, SR**
> **CHERYL L WASHINGTON**
> Bankruptcy Case Number 3:12-bk-11035
> Bankruptcy Case Filing Date: 12/03/2012

*Id.*

The other attached letter to which Mr. Washington refers is a letter from Equifax furnishing him with "the results of the dispute you recently filed with Equifax." Docket No. 1-1, p. 11. The specific sentence to which Mr. Washington appears to object states: "This section includes public

5

record items Equifax obtained from local, state and federal courts through a third party vendor, LexisNexis." *Id.* at 12.

It appears that Mr. Washington is not arguing that Equifax erroneously reported his bankruptcy. Nor does he argue that Equifax did not provide him with information about "the procedure used to determine the accuracy and completeness of the information." One of the documents filed by Mr. Washington demonstrates that Equifax explained that it obtained public records from the courts through LexisNexis. Docket No. 1-1, p. 12. That document also provides the address and phone number for the relevant bankruptcy court. *Id.* Apparently, Mr. Washington then contacted the court, which responded to him as discussed above. This may have given him the impression that since the bankruptcy court does not furnish information directly to the credit reporting agencies, Equifax's statement that it obtains public records "from local, state and federal courts" is an inaccuracy covered by the FCRA. While this sequence of events is understandable, given that he is proceeding pro se, Mr. Washington's allegations regarding the presence of an undisputed bankruptcy on his credit report do not state a claim for which relief can be granted under 15 U.S.C. § 1681i(a)(7). Therefore, the Motion to Dismiss should be granted as to this claim.

**2. An alleged incorrect account number on Mr. Washington's credit report.**

Mr. Washington contends that there is another inaccuracy on his credit report: "the account number on my credit report under my social security number for the above collection company [Monterey Collections Services] is missing and/or incomplete information." Docket No. 1-1, p. 13. Mr. Washington asserts that "[a]ccording to FTC opinion states [*sic*] by not reporting the entire account number, then your company are [*sic*] not reporting 100% accurate information as required by 609 of the Fair Credit Reporting Act." *Id.*

Equifax responds that "it is not clear whether Monterey Collections reported a truncated account number to [Equifax] in the first instance or whether [Equifax] truncated the account number appearing in the credit file disclosure sent to [Mr. Washington]." Docket No. 5, p. 7. Either way, Equifax references a case from another district where "'the court determine[d] that, as a matter of law, scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information from potential identity theft.'" *Id.*, *quoting Whitaker v. Trans Union Corp.*, No. 03-2551-GTV, 2005 WL 8160827 (D. Kansas Feb. 3. 2005). Regarding the "FTC opinion," Equifax argues that it is "a non-binding staff opinion letter from the Federal Trade Commission" that opines that "'a CRA [consumer reporting agency] that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609.'" *Id.* at 6, *quoting* Advisory Opinion to Darcy 06-30-00, *available at* https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-darcy-06-30-00.

Section 609 of the FCRA states, in pertinent part:

> **(a)** . . . Every consumer reporting agency shall, upon request, and subject to section 610(a)(1) [15 USCS § 1681h(a)(1)], clearly and accurately disclose to the consumer:
>
> > **(1)** All information in the consumer's file at the time of the request, except that –
> >
> > **(A)** if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate each number in such disclosure . . . .

15 U.S.C. § 1681g ("Disclosures to consumers").

Mr. Washington has submitted a letter from Monterey Collections. Docket No. 1-1, p. 15. That letter references "Account # [redacted] 878078." *Id.* Mr. Washington has also submitted a

7

Case 3:19-cv-00154   Document 9   Filed 05/02/19   Page 7 of 9 PageID #: 84

page from his Equifax credit file, which refers to "Account # -[redacted] 878078."[2] *Id.* at 16. Based on this information, as well as Mr. Washington's argument that Equifax is "not reporting the entire account number," it appears that Mr. Washington's Section 609 claim is based on Equifax's truncation of this particular account number in his credit file. Neither Mr. Washington nor Equifax has pointed the Court to any controlling law on the issue of whether truncation of account numbers violates the FCRA. Mr. Washington has alluded to a non-binding FTC advisory opinion, and Equifax has cited a case from the District of Kansas.

While Equifax argues, via the Kansas case, that "scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information from potential identity theft," this is the type of argument that would be expected in a motion for summary judgment, where the Court can consider evidence. Here, where Equifax has chosen to file a Motion to Dismiss pursuant to Rule 12(b)(6), the standard is only whether Mr. Washington has pleaded "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6). Regarding the issue of his truncated account number, the Court finds that he has. Therefore, it would not be appropriate to grant the Motion to Dismiss as to this claim.

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Equifax's Motion to Dismiss (Docket No. 4) be GRANTED IN PART and DENIED IN PART. Mr. Washington's claim under 15 U.S.C. § 1681i(a)(2) regarding the listing of his bankruptcy should be dismissed. His claim under 15 U.S.C. § 1681g should not be dismissed.

---

[2] Mr. Washington submitted unredacted versions of these documents as part of his Response in Opposition. Docket No. 7, p. 22-23. The unredacted documents demonstrate that one account number (from Docket No. 1-1, p. 15) is simply a truncated version of the other (from Docket No. 1-1, p. 23).

8

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge