IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RON WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:19-cv-00154 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| EQUIFAX, | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 9) on Defendant's Motion to Dismiss (Doc. No. 4). Defendant filed objections to the Report and Recommendation (Doc. No. 10) and Plaintiff filed a response (Doc. No. 11). The Magistrate Judge recommends the motion to dismiss be granted as to defendant's claims involving the listing of a bankruptcy on his credit report and denied as to Plaintiff's claim related to an inaccurate account number on his credit report. After a *de novo* review, and for the following reasons, Defendant's objections are OVERRULED, the Report and Recommendation (Doc. No. 9) is ADOPTED, and Defendant's Motion to Dismiss (Doc. No. 4) is GRANTED IN PART, and DENIED IN PART.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. ANALYSIS

Plaintiff alleges that Defendant Equifax violated Section 609 of the Fair Credit Reporting Act, 15 U.S.C., § 1681g, because it reported an incomplete account number for Plaintiff's account with Monterey Collections Services. Plaintiff does not dispute that the account belongs to him, but claims the account number listed in his credit file is inaccurate.

Section 609 of the FCRA states:

(a) … Every consumer reporting agency shall, upon request, and subjection to section 610(a)(1) of this title, clearly and accurately disclose to the consumer:

    (1) All information in the consumer's file at the time of the request, except that –

> (A) if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure …

Plaintiff cites to a Federal Trade Commission ("FTC") staff opinion letter which states that "a credit reporting agency that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." (Doc. No. 1-1 (referring to "FTC opinion," FTC Informal Staff Opinion Letter, Denise A. Darcy, June 30, 2000, available at *https://www.ftc.gov.policy/advisory-opinions/advisory-opinion-darcy-06-30-00*.)

Equifax responds that the FTC opinion letter is non-binding and that using a truncated account number does not violate Section 609. In support of this argument, Equifax cites a case from another district that determined "as a matter of law, scrambling or truncating a consumer's account number is a reasonable procedure to protect the consumer's information…" (Doc. No. 5 at 7 (citing *Whitaker v. Trans Union Corp.*, No. 03-2551-GTV, 2005 WL 8160827 (D. Kan. 2005).)

The Court notes that the *Whitaker* decision is not binding authority. Moreover, it is distinguishable from the case at bar. In *Whitaker*, the court determined that truncating account numbers is a "reasonable procedure to protect the consumer's information" when it is the creditor that truncates the account number. Finding that the Defendant did not violate § 1681g by reporting a truncated account number, the court reasoned:

> "The possibility of holding a credit reporting agency liable for reporting a scrambled or truncated account number that a creditor furnished would lead to absurd results, especially if the credit reporting agency did not know that the creditor furnished it with such an account number. According, the court concludes that under the facts of this case, TransUnion and Experian did not

3

> violate § 1681g by reporting scrambled or truncated account number in Plaintiff's credit files." *Whitaker*, 2005 WL 8160827 at *20.

The *Whitaker* court decided that the FTC opinion letter was not applicable because the opinion letter addressed whether a credit reporting agency that scrambles or truncates account numbers is in compliance with Section 609; the letter did not address a credit reporting agency that reports truncated account numbers provided by the creditor. *Id*.

Unlike the facts presented in *Whitaker*, which was decided on a motion for summary judgment after the facts had been developed, Equifax does not know whether Plaintiff's file shows an incomplete account number because the Monterey Collections Services reported a truncated account number to Equifax or because Equifax itself truncated the account number. (Doc. No. 5 at 7.)

The plain language of the statute requires that the consumer reporting agency shall "clearly and accurately disclose to the consumer [] [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.

### III. CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Defendant's objections, for the reasons stated herein, the Court concludes that the Defendant's objections are without merit, and the Report and Recommendation should be ADOPTED. Accordingly, the Motion to Dismiss is GRANTED IN PART, and DENIED IN PART.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE